## F. M. Madison v. Joseph Mangan.

1. CONTRACTS—*Construction of.*—Where a person paid a physician the sum of one hundred dollars to cure him of a certain disease on condition that if he failed to effect the cure such person should submit to further treatment, *it was held* that the physician was entitled to retain the amount agreed upon, even though the cure was not effected, if the person refused or neglected to submit to further treatment.

**Assumpsit,** on a contract for physician's services. Trial in the Circuit Court of Knox County; the Hon. JOHN A. GRAY, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in this court at the May term, 1898. Reversed with a finding of facts, etc. Opinion filed September 26, 1898.

HAMILTON, GODFREY & SHELTON, attorneys for appellant.

J. E. MALEY and W. E. BYERS, for appellee.

MR. JUSTICE WRIGHT delivered the opinion of the court.

Appellant was sued by appellee before a justice of the peace, which suit was removed by appeal to the Circuit

Court. The cause of action was for $100 for the alleged breach of a contract of warranty to cure the appellee of piles, made by appellant, who is a physician. A trial by jury resulted in a verdict against appellant for $100, from which he appeals to this court, and assigns for error that the verdict is against the evidence in the case. Other errors are also assigned, but it will be unnecessary to notice them.

Appellant, as a physician, undertook to treat appellee for piles, and for that purpose a contract was entered into by which, for $100, a warranty was given for the cure of his then present affliction; and in case the disease returned at any future time appellee was to be treated free of additional charge. After operation performed, appellee believed he was cured, and appellant was of the same opinion. Although then not required of him, appellee insisted upon the payment to appellant of the contract sum of $100, and then returned to his home. The terms of the contract required appellee to return to appellant for further treatment, in case the cure proved to be incomplete. Within thirty days after his return home, appellee notified appellant by letter he did not need to return for further treatment, being at the end of that time cured, as he believed. After the lapse of two years, without notice or application for further treatment to appellant, appellee brought this suit to recover back the $100 he had paid, claiming he had continued to be and was then afflicted with piles. In view of the whole evidence we think the recovery can not stand.

Appellee should have, under the terms of the contract, about which there is little dispute, applied to appellant for further treatment; when, if appellant refused to treat him, or treated him ineffectually, it may be the suit could be maintained. But there is no claim, founded upon any evidence in the case, that appellee ever offered to submit to further treatment; and we think the verdict against the evidence. This view of the case renders it unnecessary to consider the questions arising upon the admission of evidence, or the instructions to the jury, which have been argued by counsel. Because there is no cause of action, the judgment of the Circuit Court will be reversed.

FINDING OF FACTS TO BE RECITED IN THE FINAL ORDER OF THE COURT.

The court finds from the evidence, as facts in this case, that appellee failed on his part to perform the contract upon which he has brought suit against appellant, and for that reason he has no right to maintain a suit against appellant for the alleged breach on his part; and we further find that appellant has on his part performed all the terms of his contract that it was possible for him to perform in the absence of performance by appellee.